### IN

# THE SUPREME COURT

## OF THE

# STATE OF KANSAS,

### AT A REGULAR TERM HELD AT TOPEKA JULY, 1866.

---

## R. A. ERMUL v. HUGO KULLOK, *et al.*

### *Error from Shawnee County.*

The verdict of a jury will not be disturbed if there is any testimony to sustain it, but where there was no evidence which would warrant it, when the case is properly presented, the obligation to set it aside is imperative.* In absence of any proof connecting plaintiff in error with the contract sued on, judgment below on a verdict against her *reversed.*

Where a husband died in 1856, seized of lots in question, it was *held* that the law of 1855, p. —, in giving the widow a right to a life estate in one-third of the deceased husband's realty, gave her a personal, unassignable right to claim that dower, but which she could relinquish to the owner of the fee. Until she asserted her right thereto and it was assigned to her, she did not become the "owner" thereof within the meaning of the act securing liens to mechanics, and nothing would pass by a sale of her interest.

This was an action brought by Kullok against R. A. Ermul and W. G. Ermul, to recover the value of materials furnished by him, and labor performed in the erection of a house for these defendants on lots 170, 172 and 174, on Quincy street in Topeka, and to enforce a mechanic's lien upon these lots for the payment of this debt.

James R. Parker and Henry C. Judd were made defendants, they having furnished material and performed

---

*Backus v. Clark, 1 Kans. R., 303.

labor in the erection of the said building. They answered setting up their claims, and asking for the enforcing of their lien upon the same lots. The defendants Ermul and Ermul, filed separate answers to the petition of Kullok, and the cross-bills of Parker and Judd; W. G. Ermul, a general denial to each, and R. A. Ermul, a general denial in each case, and also a special plea alleging that the heirs of Jackson Allen were the owners of the land.

The defendant R. A. Ermul, made a motion for a new trial, based on the following grounds:

1st. That the verdict is not sustained by sufficient evidence.

2d. The verdict is contrary to law.

The court overruled the motion; the defendant, R. A. Ermul, excepted and brings the case here for review on error.

A judgment was rendered in favor of Kullok, Parker and Judd against both R. A. Ermul and W. G. Ermul, and all their interest in the premises ordered to be sold.

——— ———, attorneys for the plaintiff in error.

*John Martin*, for defendants in error, submitted:

1st. Though the children of Jackson Allen inherited the lots, yet his widow had a right to dower as well founded. (*Bouv. L. Dic. Title*, "*Estate in Dower*," *Stat.* 1855, *p.* 314, *sec.* 1.) She had some kind of an interest in the land, and is therefore deemed the owner for the purposes of this action. (*Comp. L.*, *sec.* 1, *Ch.* 137, *p.* 680; *Id.*, *sec.* 14, *Ch.* 137, *p.* 683; 2 *Ohio S.*, 114; 4 *Id.*, 101.) These cases arose under a similar statute.

The Mechanics Lien Act is special and must be construed according to its own terms.

2d. Cases under this act are equity cases. (*Chap.* 137, *p.* 686, *sec.* 25 *Comp. L.*) The jury therefore, had noth-

ing to do with the character or extent of the interest of plaintiff in error in the land. The presumption is that all orders made by the court were regularly made.

3d. If plaintiff in error had no interest in the realty, then the decree barring her equity of redemption, cannot injure her.

4th. The court will not disturb a judgment on mere questions of fact settled by a jury, but the record shows sufficient facts to support the verdict. The contract was made with consent of plaintiff in error. She was consulted by the mechanics and she gave instructions as to the work she wanted, and was frequently present during the progress of the work. She is the sole beneficiary of the work. There was then an implied contract to pay. *Chitty on Contr.*, (*8th Ed.*,) 17-18 *note* 1, *and authorities*; 24 *Maine*, 374; 7 *Greenl.*, 118; 20 *Maine*, 275; 1 *Met.*, 84; 27 *Maine*, 106; 8 *Pinch*, 392; 14 *O. St.*, 519.

*By the Court*, CROZIER, C. J.

It is a well established rule of this court, that the verdict of a jury will not be disturbed if there is any testimony to sustain it; but where there was no evidence which would warrant it, where the subject is properly presented, the obligation to set it aside is imperative. We have carefully searched this record for some testimony which would connect the plaintiff in error with the contract set out in the petition, but have been unable to find a word pointing in that direction; and not only so, but the testimony of the plaintiffs below clearly and unequivocally shows that she had nothing whatever to do with the making of the contract.

How the jury could have so mistaken the evidence, is beyond our comprehension, unless it be attributed to the great hardship, a different finding would bring to the claimants.

For the reason indicated above the judgment must be

reversed. But there is another question made, upon which, as it must inevitably arise upon another trial, it is proper to make a decision. It is claimed by the plaintiff in error that she was not at the time the contract was made, "the owner" of the lots upon which the building was erected, within the meaning of the mechanic's lien law, and in this view we coincide with the counsel. The law of 1855, gave the widow a right to a life estate in one-third of the deceased husband's real estate. It did not vest any portion of the title in her. She could convey nothing to a stranger. Her grantee could maintain no proceeding to have any portion allotted to him. It merely gave her a personal right to claim a life estate in one third. This right was wholly unassignable. She might relinquish it to the owner of the fee, or she might assert it in her own behalf, but until she did assert it, she was not the "owner" in any sense. When, in a proper proceeding, one third was assigned to her, and not until then, did she become the owner.

Applying these views to the case at bar, it is apparent there was nothing to which the lien would attach. The husband had died seized of the lots in question, leaving three children who inherited them. No attempt had ever been made, so far as the record shows, by the widow to have her dower therein assigned to herself. She therefore never did become the "owner," and very manifestly nothing would pass by a sale of her supposed interest.

The judgment is reversed and the cause sent back with instructions to the court below to sustain the motion for a new trial, and proceed with the cause.

All the justices concurring.