The Union Pacific Railway Co., E. D. v. R. W.
Coldwell.

*Error from Davis County.*

New Trial.—Where the only error assigned in a petition in error is that the district court
erred in overruling a motion for a new trial, founded upon the ground that the verdict
is against the law and the evidence, and where after an inspection of the entire record
of the case it is found that the evidence is conflicting, and that there is not a great pre-
ponderance of the evidence against the verdict, and that the verdict is not against the
law, this court will not disturb the order of the district court, overruling said mo-
tion for a new trial.

This was an action originally brought in a justice's
court, to recover the value of a cow belonging to the plain-
tiff below, defendant in error, alleged to have been negli-
gently killed by the cars of plaintiff in error.   Judgment
was recovered before the justice, and an appeal taken to
the district court of the county, and the case there tried
before a jury who returned a verdict for plaintiff below.
The plaintiff testified in his own behalf, and called wit-
nesses before the district court, tending to show the kill-
ing of the cow, its value, the condition of the road, the
passage and speed of the train, that the whistle of the
locomotive was blowing, and narrated the circumstances
of the killing.   And witnesses were also examined on
behalf of defendants below, who also testified as to the
circumstances of the killing, and the care used on the
part of the agents of the company and the speed of the
train.

The record purports to contain all the evidence in the
case.   Motions were made to set aside the verdict and
for a new trial, which were overruled and the case
brought here for review.

*J. P. Usher*, for plaintiffs in error.

*White & Gilchrist* and *A. H. Case*, for defendants in error.

*Usher* contended :

This action is for negligence, and the burden is on the plaintiff below.   There is no evidence whatever in the record that tends to show negligence.   The whole case must rest upon the fact as to whether the agents of the company used due diligence in their efforts to stop the train; and the plaintiff below must show they did not.   The train would not stop itself, and it is for the plaintiffs to show that it could have been, by the use of due diligence, stopped in time.

But there is positive, uncontradicted evidence that everything was done that could be to stop the train. The decision should be reversed.   *T. & W. R. Co. v. Goddard*, 25 *Ind.*, 185.   Where negligence is the issue, it must be a case of unmixed negligence.   *T. & W. R. Co. v. Bevins*, 26 *Ind.*, 76; *Bevin v. Tomlinson, id.*, 253.

The act of the company must be proved to have been gross and wanton, as to imply a willingness to inflict injury, before the plaintiff can recover.   26 *Ind.*, 370, 76; *Mich. So. R. Co. v. Fisher*, 27 *Ind.*, 97; *Sinrane v. Ft. W. R. Co., id.*, 244.

*Gilchrist & White* and *A. H. Case, for defendants in error*, made the following points :

1.   The ground on which the motion for a new trial is predicated is, " that the verdict is against and contrary to *the weight* of evidence and the law of the case."   This ground is not one known to our law, and the court therefore will not consider it.   *State v. Montgomery*, 3 *Kan.*, 274–5; *Bachus v. Clark*, 1 *Kan.*, 30, 37.

2.   There was *some* evidence in the court below on all points necessary to a recovery.   The verdict cannot therefore be disturbed.   *Boyer v. Cockerill*, 3 *Kan.*, 282; 4 *Kan.*, 177, 20, 63; 1 *id.*, 303.

3.   But the testimony clearly shows negligence.   It shows that the train could easily have been stopped in time to have prevented the injury.   For a similar case, see *Kerwhacker v. C. C. & O. R. Co.*, 3 *Ohio S.*, 172; 5 *Gilm.*, 130; 38 *Ill.*, 424; 28 *Ill.*, 17.

*By the Court*, VALENTINE, J.

The only error assigned in the petition in error in this case, is that the district court erred in overruling a motion for a new trial, founded upon the ground that the verdict is against the law and the evidence.

After an inspection of the entire record of the case, it is found that the evidence is conflicting, and that there is not a great preponderance of the evidence against the verdict, and that the verdict is not against the law.

In such cases we think it is too well settled that the Supreme Court will not disturb an order of the district court, overruling a motion for a new trial, to require any comment.   *Backus v. Clark*, 1 *Kan.*, 303; *Boyer v. Cockerill*, 3 *Kan.*, 282; *Swartzel v. Rodgers*, 3 *Kan.*, 374; *Ermul v. Kullok*, 3 *Kan.*, 499; *Mitchell v. Tolley*, 4 *Kan.*, 177.

The judgment of the court below is affirmed.

KINGMAN, C. J., *concurring.*

SAFFORD, J.   I concur in the propositions of law as stated, but not in the deductions of fact, as found from the records by my brethren.   I think the judgment should be reversed.