## PACIFIC RAILROAD COMPANY v. MOLLIE NASH.

1. VERDICT—*Evidence in support of.*　Where there is testimony, tending to support every proposition necessary to uphold a verdict, and there have been two trials with the same result, this court will not reverse an order of the district court, refusing to grant another new trial, even though the weight of the evidence may be opposed to the verdict.

2. INSTRUCTIONS—*Charge presumed to be correct.*　Where the charge of the court is omitted from the record this court will presume the proper instructions were given, and on this presumption, will not examine the instructions refused.

3. EVIDENCE—*Competency—Admissibility.*　Where the gist of the action is negligence, it is not error to admit testimony of all surrounding facts that may tend to show the degree of care necessary in the case.

4. JURY—*No error to insist upon a verdict.*　It is not error for the court, when informed that the jury cannot agree, to instruct them to make further efforts to harmonize, and to indicate that they may be kept together until they do agree.

*Error from Leavenworth District Court.*

NASH sued the *Pacific Railroad Company* before a justice of the peace to recover $130, the alleged value of a horse killed by the engine of the defendant. After trial the case was appealed to the district court, where there were two additional trials, each resulting in a verdict for the plaintiff. Upon the second trial in the district court, the evidence showed that plaintiff's horse was turned loose upon the prairie, in March, 1870, at a distance of between four and five miles from the track of defendant's road; that the horse wandered toward and upon the railroad track, and while running along the track, was overtaken by the engine and killed; that at the particular place where the horse was killed the track of defendant's road was fenced on both sides. The defendant asked that certain instructions be given to the jury, which the court

refused. The charge given by the court does not appear in the record. The jury having been out all day, without agreeing, were permitted to separate at night, at which time, after the usual and proper admonitions, (§§ 278, 279, civil code,) the court further advised the jury as follows: "That it was exceedingly important that the case should be decided in some way, and that probably after sleep and refreshment they would be able to determine on a verdict; that they had better bring their dinners with them in the morning, in case they desired any, for the court would not feel like ordering dinner the next day at the county's expense, if they should fail to agree by that time." The next day the jury came, and after being sent out to further deliberate returned a verdict in favor of the plaintiff for $130 damages. Motion for a new trial overruled, and judgment for plaintiff on the verdict, and defendant brings the case here on error.

*Hurd & Birnie*, for plaintiff in error:

1. The verdict is contrary to law. The horse was wrongfully on the track, and a trespasser on the lands of the Railroad Company. The horse was turned loose upon the prairie. Was not this more than slight negligence on the part of the defendant in error? If so she cannot recover.

The law of this State only requires of a railroad company slight care towards trespassing cattle, and holds them liable only for gross negligence. *Union Pacific R. R. Co. v. Rollins*, 5 Kas., 167.

The naked fact that the animal was killed is not *prima facie* evidence of any degree of negligence, not even the slightest.

2. The verdict of the jury was not supported by suffi-

Pacific Railroad Company v. Nash.

cient evidence. When the verdict is clearly against evidence, the court below is bound to set it aside; and this court will reverse a judgment founded on such a verdict. *Backus v. Clark*, 1 Kas., 311; *Lessees, &c., v. Florence*, 5 Ohio, 245; *Johnson v. Scribner*, 6 Conn., 185.

3. The instructions asked by plaintiff in error embodied a correct exposition of the law, and ought to have been given to the jury.

4. It was misconduct on the part of the court to allow the jury to separate, and to attempt to coerce a verdict. The court kept the jury together after they had repeatedly told him that they could not agree. The remarks of the court were in the nature of a threat to compel a verdict. Parties are entitled to a fair trial, a legal charge from the court, and an unbiased and uncoerced verdict of a jury; and it is error in the court, in his charge, or at any other time, to use language to a jury that shall in effect be an instruction upon the facts, or that can in any manner be construed as a threat or menace to force the jury to find a verdict.

*Joseph W. Taylor*, for defendant in error:

1. The record does not purport to contain the charge and instructions given by the court to the jury. In the absence of the charge and instructions it will be presumed that the court instructed the jury correctly.

2. The evidence of witnesses Redman and Jones was competent. While, perhaps, the company was not bound to fence their track, yet if they had fenced it, it was certainly competent to show the exact condition of the track at and near the place of killing; as, for instance, whether the fence was so close to the iron rails on each side as to prevent the horse from passing off the track; whether

there were holes, logs, stumps, ditches, etc., along each side of the track, which would prevent the animal from passing off from the track, and thus escape death. These and like circumstances were admissible as going to prove gross negligence on the part of the defendant below.

3. The statute (§§ 278, 279, civil code,) expressly allows the jury to separate temporarily at night and at their meals.

4. The remarks respecting the necessity of their agreeing upon a verdict were proper. There is nothing in the language of the court calculated to intimidate, or in the least affect the minds of the jury; and unless the language of the court was such as would affect the jury in such a manner as to prevent them from giving a fair and impartial verdict, the defendant below cannot complain.

5. The evidence is sufficient to sustain the verdict of the jury; but if it were not, this court will not reverse an order of the court below, refusing to grant a new trial on a verdict when the evidence was conflicting, even if the court here might have come to a different conclusion. 4 Kas., 177; 3 Kas., 282, 294, 377, 450. Nor because the evidence on or to sustain any point was slight: 7 Metcalf, 477; 19 Wis., 489; 40 Mo., 151; 23 Cowen, 339; 24 Ill., 586. Nor where there is some evidence to support the verdict: *Union Pacific R. W. Co. v. Convers,* 4 Kas., 206.

Negligence is a question of fact for the jury; it is for them to determine whether there has been any negligence, and its nature and degree, and this is so, even when the circumstances are all admitted, if there is any doubt as to what they prove. *Union Pacific R. R. v. Rollins,* 5 Kas., 167.

The opinion of the court was delivered by

KINGMAN, C. J.: This action was brought by the defendant in error to recover the value of a horse alleged to have been killed by the engine of the plaintiff in error. 'The horse was turned out upon the prairie four or five miles from the railroad, and strayed upon the road and was killed by the engine. It is not necessary to review the testimony. No good purpose can be served thereby; for while the verdict is one that does not commend itself to our judgment from the testimony, as it appears on the record, still there is testimony tending to up-hold every proposition on which the plaintiff must have relied to obtain a verdict. There were two trials of the case in the district court, and on each a verdict was rendered for the plaintiff. Under such circumstances, this court does not feel inclined to reverse an order of the court below refusing to grant another new trial of the case, and will not do so.

1. Verdict; when new trial refused; evidence.

- It was claimed in argument, that the turning the horse loose upon the prairie was evidence of negligence, which contributed to the loss, and therefore plaintiff ought not to recover. It is too much to say that turning a horse loose at the distance of four or five miles from the road was in itself negligence. This fact like the others was submitted to the jury.

II. The plaintiff in error asked a number of instructions which were refused. It appears however that the court charged the jury, and the charge is not in the record. It is to be presumed that the charge given was the correct law of the case, and if so, it was not necessary to give the instructions asked by plaintiff in error, even if they were correct, and it can answer no good purpose to examine them.

2. Instructions; charge given presumed to be correct.

III. One of the errors alleged is the admission of improper testimony. The witnesses Redman and Jones, were permitted to testify as to whether the railroad track was fenced at or near the place where the horse was killed. The evidence was competent to show the exact condition of the track at the place, as showing whether the horse could or would be likely to pass off the track, with the engine after him.

**3. Evidence; competency; admissibility.**

IV. Another assignment of error is the action of the court toward the jury. We fail to perceive how the remarks made by the court were calculated to intimidate the jury, to influence their determination, or in any way affect their verdict. This was the second trial in the district court, and it was proper enough to insist upon all reasonable efforts being made by the jury to agree upon a verdict; but there is not the slightest intimation as to how they should agree. Finding no error, the judgment is affirmed.

**4. Jury: no error to insist upon their agreeing upon a verdict.**

All the Justices concurring.