CHARLES H. WOOLEDGE, *et al.* v. H. W. CONVERSE, *Adm'r, etc.*

ERROR—*Will not be presumed.* The supreme court will not reverse a judgment of the district court for error unless the error be affirmatively shown.

## *Error from Bourbon District Court.*

THE action below was by *H. W. Converse*, as administrator of the estate of Mrs. L. M. Hansbrough, against *C. H. Wooledge, Ella* his wife, and *Presley F. Hansbrough.* Defendants *Presley* and *Ella* were son and daughter of plaintiff's intestate. The petition alleged that Mrs. H. at the time of her death possessed in her own right a large amount of personal property and money which the defendants had seized and concealed from the administrator, and converted to their own use. Plaintiff demanded judgment for the value of such property. Answer, first, a general denial; second, "that said M. L. H., at the time of her death was totally insolvent, and was not the owner of any property, moneys, or effects of any kind whatsoever." The case was tried at the December Term, 1870. The evidence showed that Mrs. H. had rented and furnished the Fort Scott Hotel, and kept the same in partnership with one Newton from some time in the fall of 1868 until May 1869; that in January 1869 there was a pretended sale by Mrs. H. of her interest in the property to her daughter, *Ella Wooledge;* that *C. H. Wooledge*, in May 1869 claimed to own the property, and Newton left without making a sale of his interest; that shortly afterward Mrs. Hansbrough returned and resided at the Hotel with *Wooledge* and wife, as before, and that her son *Presley* was managing the business as clerk; that Mrs. H. had a considerable amount of money in October 1869, and died at the hotel February 24, 1870. The real issue was, whether the sale by Mrs. H., under which *Wooledge* and wife claimed, was *bona fide*, or was a sham. The jury found·in favor of *Converse*, and assessed his damages at $118.68, for

30—8TH KAS.

which he had judgment. New trial refused, and defendants bring the case here on error.

*Wilkinson, Hulett & Hill,* for plaintiffs in error:

1. The petition alleges the concealment and embezzlement of the property of the intestate, alleged to have been in her possession on the 24th of February, 1870, the date of her decease. The verdict was based upon the testimony of the witness Newton, whose testimony related to the possession by the decedent of certain furniture in December, 1868, fourteen months prior to her decease. This evidence was clearly inadmissible.

2. The court erred in admitting testimony as to the alleged sale of the property by the intestate to her daughter, Ella Wooledge, in January, 1869; it should have been excluded, being totally irrelevant and incompetent, and responsive to no issue in this case, and was wrongfully introduced to establish an alleged fraudulent transfer of her property by the intestate in her lifetime.

*Voss & French,* for defendant in error, filed no brief.

The opinion of the court was delivered by

VALENTINE, J.: We are unable to perceive any error in this case. The petition of the plaintiff below and the verdict of the jury sustain the judgment; and there is little else in the record that we can consider intelligently. None of the instructions of the court to the jury are brought to this court, and the record does not purport to contain all the evidence. But if the evidence brought to this court was all the evidence in the case, still we think there is sufficient to sustain the verdict. This court has decided in many cases that where there is some evidence to sustain the verdict the supreme court will not reverse an order of the district court refusing to grant a new trial on the ground that the verdict is against the evidence, unless a great preponderance of the evidence seems to be against the verdict. (*U. P. Rly. Co. v. Caldwell,* 5 Kas., 82, and cases there cited; *Blair v. Fields,* 5 Kas., 58; *Pacific Rly.*

*Co. v. Nash*, 7 Kas., 280; *School Dist. v. Griner*, ante, 224. See also in this connection, *Rose v. Williams*, 5 Kas., 488, and cases there cited; *Ulrich v. Ulrich*, ante, 402. The reasons for sustaining the order of the district court in such cases will be found in the cases of *Anthony v. Eddy*, 5 Kas., 133, and *School Dist. v. Griner*, supra.

In answer to counsel for plaintiffs in error we would say that the verdict in this case is not necessarily based upon the testimony of the witness Newton alone. Other witnesses testified concerning the ownership of the property. Even Newton testified as to the ownership of the property down to about nine months before the decease of Mrs. Hansbrough; and Maria Neeley testifies as to the ownership of a roll of money down to about four months before Mrs. Hansbrough's death; and as to the ownership of the property in Mrs. Hansbrough's room down to the time of her decease. The main question of fact in the case was whether this property belonged to Mrs. Hansbrough at the time of her decease or not. The testimony of Newton and Maria Neeley and several other witnesses tended to prove that it did; and there is nothing in the record that tends to show that the jury considered evidence that had been excluded by the court.

We do not think that the court erred in admitting the testimony of Newton as to the alleged sale of the property by Mrs. Hansbrough to her daughter Ella Wooledge. This supposed sale was a transaction between Mrs. Hansbrough, whom the plaintiff now represents as administrator, and Ella Wooledge, one of the defendants in this action, and concerning the very property for which the plaintiff has sued the defendants. The other two defendants seem to have participated in this transaction. Mrs. Hansbrough owned the property and furnished the money to Ella Wooledge to purchase it. Ella Wooledge returned the money to her mother, Mrs. Hansbrough, (in about five minutes after she received it,) as a payment for the property, and took a receipt for the same. Newton testifies that Charles H. Wooledge (the husband of Ella Wooledge) "proposed that the old lady should furnish money for the perform-

ance," and "said they would have to give a receipt." Newton also testifies that Presley Hansbrough (a brother of Ella Wooledge) told his mother, "You'll never pay your debts if I can help it." Mrs. Hansbrough continued to hold said property however as her own, notwithstanding said supposed sale, and the defendants claim to hold it by a subsequent sale from Mrs. Hansbrough to Charles H. Wooledge. We think the foregoing testimony of Newton was both relevant and competent. If the transaction between Mrs. Hansbrough and her daughter was a *bona fide* one, then of course the evidence was competent and proved a fact against the plaintiff; but if it was a sham, and a fraudulent transaction, as the jury undoubtedly found that it was, then it tended to throw light upon the subsequent transactions between the same parties and concerning the same property. A portion of the property at least, if not all, seems to have remained in the possession of Mrs. Hansbrough until her death. As no error has been affirmatively shown the judgment of the court below must be affirmed.

All the Justices concurring.