## JESSE B. RADWAY V. MARTIN ELLIS.

WEIGHT OF EVIDENCE; *Judgment, not Disturbed.* Where an action has been fairly submitted to a jury on conflicting evidence, which does not greatly preponderate in favor of either party, and judgment is rendered upon the verdict of the jury, it will not be disturbed by this court when the only objection to it is that the verdict was against the weight of the evidence.

### *Error from Lincoln District Court.*

ACTION by *Radway* against *Ellis*, upon a promissory note. Judgment for defendant, at the March Term, 1885. The plaintiff brings the case to this court. The material facts are stated in the opinion.

*E. Blank* and *A. G. Hardesty,* for plaintiff in error; *W. A. S. Bird*, of counsel.

*Vance & Campbell*, for defendant in error.

Opinion by HOLT, C.: This was an action by plaintiff in error against defendant in error, upon a promissory note for five hundred dollars, signed by defendant. The petition is in the usual form, and the answer sets up two defenses: first, that the note was never legally delivered to the plaintiff; and second, the consideration of said note had failed. The case was tried by a jury, at the March term, 1885, and a verdict was rendered for the defendant. Motion for a new trial overruled; judgment on the verdict; plaintiff below brings the case here.

The facts as they appeared on the trial are briefly these: The plaintiff had some interest in a lot in St. Marys, Kansas, which the defendant wished to buy, and he entered into a contract whereby he was to pay five hundred dollars for the lot when the plaintiff should give him a good deed to the same and furnish him with an abstract, showing a perfect title in fee simple in plaintiff. Before the plaintiff signed the deed, the defendant moved into the house on the lot. The plaintiff

executed a deed to the lot, with a special warranty, but failed to furnish an abstract of title, showing a perfect title in himself; in fact, he failed to furnish any abstract at all, but the defendant procured one, showing the title to be in a party other than the plaintiff. The defendant at this time had on deposit in the store of George F. Anderson, a merchant of St. Marys, fifteen hundred dollars in cash, and when he ascertained that the plaintiff did not have a perfect title to the lot in question he offered to lend plaintiff the money to perfect his title. He signed the note for five hundred dollars, and left it with Anderson to be delivered. There is some question about the delivery of the note. The defendant received from Anderson a deed from Radway and wife, and placed it upon record in the office of the register of deeds of Wabaunsee county. Afterward the defendant abandoned the lot in question.

Upon the trial of the case, testimony was introduced tending to establish all the facts hereinbefore set forth. There was no issue raised in the pleadings, nor objection offered to the introduction of evidence that the defendant had not proffered to reconvey to the plaintiff what estate he may have acquired under the deed he received. The case was tried upon the theory that the contract for the property for which the defendant bargained was not fully complied with, and therefore the defendant could dispute the entire consideration of the note given for the same. In the plaintiff's motion for a new trial, he alleges as one ground that the verdict was against the weight of the evidence. From the record in the case, that is the only question we are called upon to consider, as the other errors set forth in the petition in error were not raised in the motion for a new trial.

We believe that there was some testimony tending to establish every fact necessary to uphold the verdict. The case was fairly submitted to the jury; it was their province to pass upon the evidence; they did so; the court rendered judgment upon their verdict, and under the well-established rule of law

17 — 37 KAS.

in this state the judgment should not now be disturbed by this court. (*U. P. Rly. Co. v. Coldwell*, 5 Kas. 82; *Abeles v. Cohen*, 8 id. 180; *K. P. Rly. Co. v. Montelle*, 10 id. 119; *St. J. & D. C. Rld. Co. v. Chase*, 11 id. 47; *Bridge Co. v. Murphy*, 13 id. 36; *K. P. Rly. Co. v. Kunkel*, 17 id. 145; *George v. Myers & Green*, 18 id. 430; *Bellew v. Ahrburg*, 23 id. 287; *Theilen v. Hann*, 27 id. 778; *Beal v. Codding*, 32 id. 107.)

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.