Argued February 25, decided March 31, 1908.

## STATE v. HAYES.

[94 Pac. 751.]

CRIMINAL LAW—APPEAL—NECESSITY OF BILL OF EXCEPTIONS—EFFECT OF FAILURE TO MAKE BILL.

1. Where there is no bill of exceptions in the record, questions arising on the admission or exclusion of testimony cannot be considered on appeal.

ADULTERY—SUFFICIENCY OF INDICTMENT.

2. Even if it is necessary to show on the face of an indictment for adultery, that the prosecution was commenced upon the complaint of a person authorized by statute to commence such a prosecution, an indictment which states that it was found on the complaint of defendant's wife is sufficient.

From Harney: MORTON D. CLIFFORD, Judge.

The defendant was indicted, tried, and convicted for the crime of adultery, and from the judgment and sentence following, he appeals.                      AFFIRMED.

For the appellant there was a brief over the names of Mr. Thornton Williams, Messrs. Biggs & Biggs, Mr. William H. Holmes and Mr. Webster Holmes, with an oral argument by Mr. William H. Holmes.

For the State there was a brief over the names of Mr. William Miller, District Attorney, Messrs. Parrish & Rembold, and Mr. Andrew M. Crawford, Attorney General, with an oral argument by Mr. Crawford.

PER CURIAM. 1. The defendant was tried and convicted for the crime of adultery, and appeals. There is no bill of exceptions in the record, and, therefore, questions arising on the admission or exclusion of testimony cannot be considered.

2. The indictment states that it was found on the complaint of the wife of defendant, and this is sufficient, if indeed it is necessary, for an information or indictment for adultery, to show on its face that the prosecution was commenced upon the complaint of a person authorized by statute to commence such a prosecution: State v. Brecht, 41 Minn. 51 (42 N. W. 602) ; State v. Roth, 17 Iowa, 336; State v. Maas, 83 Iowa, 469 (49 N. W. 1037) ; People v. Payment, 109 Mich. 553 (67 N. W. 689).

Judgment must be affirmed.                      AFFIRMED.