Argued May 1, decided May 16, 1911.

## STATE *v.* MADDOCK.

[115 Pac. 426.]

INTOXICATING LIQUORS—PROHIBITION—LOCAL OPTION ELECTION—ORDER.

1. Laws 1905, p. 47, § 10 (Section 4929, L. O. L.), provides for local option elections, returns to be made to the county court and then provides that such court, on the 11th day after the election, or as soon thereafter as practicable, shall hold a special session, declaring the result and putting prohibition in force in accordance with the election. *Held,* that where an order of the county court putting local option in force in the county was actually made on the 11th day after the election, it was not void as having been made in vacation, because the court had transacted no business at the term at which the order was made, until several days after its commencement.

COURTS—TERMS—TERMINATION—TRANSACTION OF BUSINESS.

2. Section 2931, L. O. L., declares that a term of the county court shall convene in each of the several counties of the state for the transaction of probate and all civil business cognizable by county courts, except for the county business, on the first Monday of each month; and Section 978 provides that if no judge attend on the day appointed for holding court, before four o'clock in the afternoon, the court shall stand adjourned until nine o'clock the next day, and if no judge attend on that day, before four o'clock in the afternoon, it shall stand adjourned for the term. *Held,* that mere proof that no business was transacted at a term of the county court which began on June 2, 1908, until some days thereafter, when an order putting prohibition in force in the county, pursuant to a local option election, was entered, did not show an adjournment of the term prior to the entry of such order, it being presumed that the judge attended from day to day for the transaction of business, since the term could be adjourned only by an order of the court itself, or by operation of law resulting from the coming on of the next term, etc.

COURTS—"TERM OF COURT."

3. A "term of court" is that period of time provided by or in pursuance of some public law within which the court may hold its sessions and transact its business; the term continuing from the time appointed by law to final adjournment, or until the lapse of the term by operation of law.

COURTS—"SESSION."
4. Laws 1905, p. 47, §§ 10, 11 (Sections 4929, 4930, L. O. L.), provides
for the holding of local option elections and the making of returns to
the county court, and then declares that the court, on the 11th day after
the election, or as soon thereafter as practicable, shall hold a special
"session," and if the majority of the votes in the county as a whole, or
in any subdivision thereof, etc., are for prohibition, the court shall make
an order declaring the result and absolutely prohibiting the sale of
liquor, etc. *Held,* that the word "session," as applied to the court,
while usually referring to an actual sitting and transaction of business,
yet, as used in such provision, might be construed to mean the legislative
appointment of a term of the county court for the special purposes of
the act.

From Morrow: HENRY J. BEAN, Judge.

Statement by MR. JUSTICE BURNETT. ·

The defendant herein, E. C. Maddock, was indicted by
the grand jury of Morrow County for selling intoxicat-
ing liquor in violation of the local option law. He pleaded
not guilty. The case was tried by the court without a
jury, in pursuance of a stipulation which recited certain
facts, leaving the court to pronounce judgment thereon.
By the stipulation, it was agreed, in substance, that the
facts alleged in the indictment are true; but the defend-
ant contends that the acts narrated therein are not vio-
lative of any statute of the State, for the reason that the
county court of Morrow County never made any valid
order prohibiting the sale of liquor in the county. The
stipulation further states that an entry was made in the
commissioners' journal of that county, on June 12, 1908,
that being the eleventh day after the general election
held on the first Monday in that month, and at the time
fixed by law for holding a special session of the county
court, which order recites that, upon a canvass of the
votes on the question of prohibition of the sale of intoxi-
cating liquors for beverage purposes in the entire county
of Morrow, there appeared to be 709 votes for and 469
against prohibition, whereupon the court ordered that the
sale of intoxicating liquors within the entire county be
and the same is hereby, absolutely prohibited, except for

the purposes and under the regulations specified in the local option law. It was conceded that all acts and requirements pertaining to the local option election were regular and as required by law, and were all duly performed, except the making of the order of prohibition. It was agreed that the May term of the county court adjourned finally May 7, 1908; that no term was appointed by the court itself, or the judge thereof, for the month of June; that, as appears by the journals of the county court, no business of any kind was transacted in the court until June 4, 1908, and, except some orders in probate, no other business appears on the journal, until the entry of the order in question on June 12, 1908. The parties apparently treated this stipulation as a special verdict under the provisions of Section 1548, L. O. L., and took the judgment of the court as to the legal effect of the facts thus agreed upon. The court determined upon the stipulation that the defendant was guilty as charged in the indictment, and fined him $100, from which judgment he appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. William H. Wilson* and *Mr. Jay Bowerman,* with an oral argument by *Mr. Bowerman.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Isaac H. Van Winkle,* Assistant Attorney General, with an oral argument by *Mr. Crawford.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The constitution of the State, as it existed at and prior to the filing of the indictment, declared that "there shall be elected in each county, for the term of four years, a county judge, who shall hold the county court at times to be regulated by law. The county court shall have the jurisdiction pertaining to probate courts, and boards

of county commissioners, and such other powers and duties, and such civil jurisdiction not exceeding the amount or value of five hundred dollars, and such criminal jurisdiction not extending to death or imprisonment in the penitentiary, as may be prescribed by law. But the legislative assembly may provide for the election of two commissioners to sit with the county judge whilst transacting county business in any or all of the counties, or may provide a separate board for transacting such business." Sections 11, 12, Article VII, of the Constitution of Oregon. The constant factor of the county court is the county judge. County commissioners are in addition to that tribunal authorized or not, as the legislature may determine, and then only for the transaction of county business, as defined by Section 937, L. O. L. It relates to the fiscal concerns of the county, and the management of its affairs as a public corporation. The exercise of "such other powers and duties as may be prescribed by law" for the county court was, by the words of the then constitution, vested in the county judge. The case of *State* v. *McElrath*, 49 Or. 294 (89 Pac. 803), is decisive of nearly all the questions involved here.

1. The contention of the defendant is that the order of the county court, declaring the result of the local option election and prohibiting the sale of intoxicating liquors, though regular in form, was not made in term time and was therefore void. It is provided by Section 10 of what is commonly known as the local option law that, "on the tenth day after any election hereon, or sooner, if all the returns be received, the county clerk, taking to his assistance two justices of the peace of the county, shall proceed to open said returns and make an abstract of the vote for the information of the county court. Said court shall, on the eleventh day after the election, or as soon thereafter as practicable, hold a special session; and if a

Sig. 18

majority of the votes hereon in the county as a whole, or in any subdivisions in the county as a whole or in any precinct in the county are 'For Prohibition,' said court shall immediately make an order declaring the result of said vote and absolutely prohibiting the sale of intoxicating liquors. * * Thereafter it shall be unlawful to sell or exchange or give away any intoxicating liquor within the territory included in said prohibition order except as in this law provided. * *" Section 11 requires the court to make an order, declaring the result, if the result shall be against prohibition. Laws Or. 1905, p. 47; Sections 4929, 4930, L. O. L.

2. "There shall be a term of the county court convene in each of the several counties of this State for the transaction of probate and all civil business cognizable by county courts except the transaction of county business, on the first Monday in each month. * *" Section 2931, L. O. L.

Under the statute last quoted, the regular June term of the county court of Morrow County began on Tuesday, June 2, 1908; the first Monday of that month being a nonjudicial day on account of the general election then being held.

3. A term of court is that period of time provided by or in pursuance of some public law within which the court may hold its sessions and transact its business: *State* v. *Edmunds*, 55 Or. 236 (104 Pac. 430). The term continues from the time appointed by law to the final adjournment, or until the lapse of the term by operation of law: *N. P. Ry. Co.* v. *Hand*, 7 Kan. 280; *Labadie* v. *Dean*, 47 Tex. 90, 100; *De Leon* v. *Barrett*, 22 S. C. 412; *People* v. *Central City Bank*, 53 Barb. (N. Y.) 412.

Section 978, L. O. L., declares that "if no judge attend on the day appointed for holding a court, before four o'clock in the afternoon, the court shall stand adjourned until the next day at nine o'clock; and if no judge attend

on that day, before four o'clock in the afternoon, it shall then stand adjourned for the term." The situation contemplated by this section does not appear in the record before us. Presuming that the county judge of Morrow County, as a public officer, performed his duty regularly, for aught that appears in the record, he was present, ready for the transaction of business, at the time and place appointed by law for holding court, and remained there from day to day thereafter during the term. Reduced to its last analysis, all that is revealed by the stipulation on that point is that there was no business transacted at the term, until some days after the beginning of the June term, in the year 1908. While this is creditable to the people of Morrow County and speaks well for the peace and good order of that community, it did not effect a lapse of the term of court. Only the order of the court itself, adjourning for the term, or the operation of law resulting from the coming on of the next term, or the like, could produce that result. In the construction of the different parts of a statute, we must keep in view the design of the act, and so construe its terms, if it can be done within reason, as to effect the general purpose of the legislation in question. 2 Lewis' Suth. Statut. Con. § 370.

4. With this rule in mind, we may well concede that in a particular sense the word "session," as applied to a court, refers to its actual sitting and transaction of business, and yet, considering that a session of court cannot be held, except during a term, it is a reasonable construction of the act to hold that it necessarily includes the legislative appointment of a term of the county court for the special purposes of the act, at least for the eleventh day after an election under the local option law, if there is no regular term at that time. In other words, the people, in enacting the statute requiring a session of court,

must have intended to prescribe, also, that without which a session could not exist in contemplation of law, viz., a term during which the session should be held. In this sense the local option act may be conceded to be supplementary to Section 2931, L. O. L., prescribing the regular terms of the county courts. It may be contended that such a term would be held, or not, according to whether or not there was a local option election, and that parties interested would not have sufficient notice to give them their day in court to oppose the making of the order declaring the result. The answer to that argument is that the action of the county court is part of the election proceedure under that law, and the notices of election required by its terms serve as warning to all concerned that an order of the county court will follow by operation of law as a natural consequence of a local option election.

Seeing that the order was actually made on the eleventh day after the election, it was not necessary, for the purposes of this case, to consider the effect of the words "or as soon thereafter as practicable," as affecting the date provided for holding the "special session" of the county court.

We conclude that the order of the county court, prohibiting the sale of intoxicating liquors within Morrow County as a whole, was regularly made as provided by law, and that the conviction of the defendant was a proper legal conclusion resulting from the facts stipulated.

The judgment is affirmed.          AFFIRMED.

Mr. Justice BEAN, having heard this case in the court below, took no part in the hearing or consideration thereof.