Argued January 30, affirmed April 7, 1925.

## STATE *v.* W. J. RYAN.

(234 Pac. 811.)

**Indictment and Information—Indictment Held not Demurrable as Showing That Jury had No Legal Authority to Inquire into Crime Charged.**

1. Where indictment showed on its face that crime charged was committed in Deschutes County, and that indictment was found by grand jury of that county, crime was chargeable within such county and indictment was not demurrable under Section 1491, Or. L., on ground it showed that grand jury had no legal authority to inquire into crime charged, because not triable in such county.

**Criminal Law—Absence of State Witnesses Held "Good Cause" for Delaying Prosecution for Term.**

2. Where cause was continued for term on motion of district attorney, supported by affidavits showing that material witnesses for state were absent, that their attendance could not be obtained, and that without their testimony state could not safely go to trial, *held* that it constituted a "good cause" within meaning of Section 1701, Or. L., providing that court must order indictment dismissed, where defendant not brought to trial at next term, unless "good cause" to contrary be shown.

**Criminal Law—Continuance of Cause Over Terms of Court in Other Counties Constituting Part of Same Judicial District not Ground for Dismissal of Indictment.**

3. The holding of a term of Circuit Court in any one of three counties of eighteenth judicial district is a term for that particu-

---

1. See 14 R. C. L. 181.
2. Right to continuance to procure witness who is beyond jurisdiction, see note in L. R. A. 1918E, 527. See, also, 6 R. C. L. 556.

lar county, and, in view of Constitution, Article VII, Section 8, the continuance of a criminal case over terms of such other counties would not entitle defendant to dismissal of indictment under Section 1701, Or. L.

**Courts—Terms of Circuit Court Extended Until Commencement of Another Term Thereupon Lapses and New Term Commences.**

4. If a term of Circuit Court is extended until time prescribed by law for commencement of another term for same county, preceding term lapses and new term commences at appointed time.

**Courts—Term of Circuit Court Continues Until Final Adjournment or Until Lapsed by Operation of Law.**

5. A term of Circuit Court, when convened, continues to final adjournment or until lapsed by operation of law.

**Grand Jury—Grand Jury Returning Indictment Held not Shown to have Been Discharged by Operation of Law or Without Authority to Inquire into Crime Charged.**

6. In view of Sections 1400, 1410, Or. L., a grand jury, which returned an indictment, cannot be said to have been discharged by operation of law, and hence without legal authority to inquire into crime charged, because Circuit Court convened at another term in another county, where there was no showing that grand jury was ever discharged, or, if discharged, had not been resummoned, nor that term of court at which indictment was found had ever been adjourned *sine die* or was not sitting, since it will be presumed that court had not adjourned *sine die* and that term had not elapsed.

**Adultery—Prosecution of Married Man for Adultery With Unmarried Female Under Twenty, may be upon Complaint of Mother of Female.**

7. A prosecution of a married man, under Section 2071, Or. L., for adultery committed with an unmarried female under twenty, may be upon complaint of either the wife or of parent or guardian of female, if within time provided in Section 2072.

**Adultery—Indictment Need not Show Prosecution Commenced on Complaint of Wife or of Parent or Guardian.**

8. An indictment under Section 2071, Or. L., of a married man for adultery with an unmarried female under twenty, need not show on its face that prosecution was commenced on complaint of the wife or of the parent or guardian of female, mentioned in Section 2072.

---

See (1) 31 C. J., p. 818, § 401.   (2) 16 C. J., p. 443, § 798.   (3) 16 C. J., p. 443, § 798.

From Deschutes: T. E. J. DUFFY, Judge.

---

7. See 1 R. C. L. 640.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Mr. W. P. Myers,* with an oral argument by *Mr. R. B. Parsons.*

For respondent there was a brief and oral argument by *Mr. Arthur J. Moore,* District Attorney.

RAND, J.—On June 29, 1923, the defendant was arrested for the crime of adultery and held to await the action of the grand jury of the Circuit Court for Deschutes County. The grand jury found and returned an indictment on September 27, 1923, charging him with the commission of said crime, and on September 29, 1923, he entered a plea of not guilty to the indictment. The term at which said indictment was found and the plea entered was commenced on the first Monday after the first Tuesday in April of that year, under Section 3161, Or. L., but this Section was amended at the 1923 session of the legislative assembly so that at the time said indictment was returned the terms of the Circuit Court for Deschutes County were required to be commenced on the first Monday in March and the first Monday in October of each year (Chap. 50, L. 1923).

The defendant, following the language of his demurrer, demurred to the indictment upon the ground (1) that the indictment, upon its face, shows "that it was not returned by a Grand Jury of Deschutes County, Oregon, but by a Grand Jury that had been discharged by operation of law, the Circuit Court of Deschutes County, Oregon, for the April term for 1923 for which term the Grand Jury returning said

indictment had been drawn, and the Court having been adjourned by virtue of the holding of a regular term of Court in Jefferson County, Oregon, in May, 1923; and the Grand Jury attempting to return this indictment not having been continued over the April term of this Court by any Order of Court made and entered in the Record of the County Clerk of Deschutes County, Oregon," and (2) that the indictment does not state facts sufficient to constitute a crime.

1. By Section 1491, Or. L., "the defendant may demur to the indictment when it appears upon the face thereof either—1. That the grand jury by which it was found had no legal authority to inquire into the crime charged because the same is not triable within the county; * * 4. That the facts stated do not constitute a crime." The indictment in question shows, upon its face, that the crime charged in the indictment was committed in Deschutes County and that the indictment was found by a grand jury of that county. Having been committed in Deschutes County it was triable within that county, and therefore the grand jury of that county had legal authority to inquire into the crime charged. The first ground of demurrer, therefore, was not well taken. Notwithstanding this we will consider the point which the defendant seeks to raise.

Deschutes County is one of three counties which comprise the eighteenth judicial district of the state and the Circuit Courts for said three counties are presided over by one and the same judge. The statute provides for the holding of two terms of the Circuit Court in each of said counties during each year. From these facts he argues that there is but one Circuit Court in the eighteenth judicial district

and that the sittings of this court are divided into six definite and distinct terms,—two terms in each of said three counties, making six distinct terms of one and the same Circuit Court held during the year, and that the convening of one term of court automatically adjourns the term of the Circuit Court immediately preceding it in either of the other counties of the district.

2. Section 1701, Or. L., provides that "if a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown."

3. As heretofore stated, this indictment was returned but a few days before the October term of the Circuit Court for Deschutes County. The defendant was not tried at the October term and during that term the cause was continued for the term on motion of the district attorney, and this appeal is from an order of the Circuit Court denying his motion for a dismissal of the indictment, as provided for in Section 1701, Or. L. It appears from the bill of exceptions that the cause was continued for the term on motion of the district attorney, supported by affidavits showing that certain material witnesses for the state were absent and that their attendance at that term of the court could not be obtained, and that without their testimony the state could not safely go to trial. This constituted "good cause" for continuing the criminal action for the term, within the meaning of those words as used in the statute, and under the circumstances appearing from the affidavits the ruling of the court continuing the

cause for the term was proper. But defendant does not stop there. He contends that between the convening of the October, 1923, term and the following March term of the Circuit Court for Deschutes County, other terms of the same Circuit Court were held in the other counties, and that a continuance of the cause over said terms entitled him, under the statute, to a dismissal of the indictment.

Under the statutes of this state the Circuit Court for each of the several counties of the state is entirely separate and distinct from the Circuit Courts of the other counties of the state. The fact that the Circuit Courts for the three counties of the eighteenth judicial district are presided over by the same judge is of no importance. A term of the Circuit Court held in any one of the three counties of the eighteenth judicial district is a separate term of the Circuit Court for that particular county, and it is not a term of the Circuit Court for any other county in the district or state. Section 8 of Article VII of the original Constitution provides that the "circuit courts shall be held twice, at least, in each year, in each county organized for judicial purposes." Notwithstanding the 1910 amendment of Article VII of the original Constitution, there having been no legislation changing these constitutional provisions, they continued in force by virtue of subdivision 2 of the amendment. By force of these provisions and of the statutes the commencement of a term of the Circuit Court in either of the other two counties of the eighteenth judicial district would no more affect a pending or an adjourned term of the Circuit Court for Deschutes County than the commencement of a term of the Circuit Court in any other county of the state.

The objection, that the grand jury, which returned this indictment, not having been continued over the April term of the Circuit Court for Deschutes County and that it had been discharged by operation of law upon the convening of the Circuit Court at another term in another county, is not well founded. Section 1410, Or. L., provides that "when the business of the grand jury is completed they must be discharged by the court; but the judge may in his discretion by an order made either in open court or at chambers anywhere in his district, and entered in the journal, stating the reasons, continue the grand jury, once drawn, in session during as many terms of the court as the judge may deem advisable."

4. There can be no doubt that if a term of the Circuit Court for any particular county is extended until the time prescribed by law for the commencement of another term of the Circuit Court for that county, the preceding term lapses and the new term commences at the appointed time.

5. A term of the Circuit Court, when convened, continues from the time appointed by law to the final adjournment or until the lapse of the term by operation of law: *State* v. *Maddock,* 58 Or. 542, 546 (115 Pac. 426). As said by this court in *Ex parte Harrell,* 57 Or. 95, 101 (110 Pac. 493): "We think the better rule, and the one more consonant with reason, is announced in *State ex rel.* v. *McBain,* 102 Wis. 431 (78 N. W. 602), where it was held that a term of court had not come to an end by failure to adjourn to a specific time, but that once commenced it continued until terminated by an affirmative judicial act or by the commencement of a new term." The language of the court in *Deering* v. *Quivey,* 26 Or. 556, 560

114 Or.—7

(38 Pac. 710), is particularly applicable both to the law and to the facts involved here: "The transcript before us does not show that there was any adjournment *sine die* of the April term of said court, * * and hence, in the absence of any record evidence to the contrary, it may be presumed that it continued until the call of the November term of that year."

6. There is nothing in this record to show that the grand jury which returned this indictment was ever discharged by the court, or, if discharged, had not been resummoned (Section 1400, Or. L.), nor is there any evidence in the record to show that the term of the court at which the indictment was found had ever been adjourned *sine die* or was not sitting. The presumption is, since the court was in session that the term of the court had not been adjourned *sine die* and that the term had not lapsed. Hence, before the contention, that the grand jury returning this indictment had no legal authority to inquire into the crime charged, could be sustained, we would have to presume, in the absence of any evidence tending to establish that fact, that the April term of the Circuit Court for Deschutes County had been terminated by an adjournment *sine die;* in other words, we would have to presume error in the absence of any showing that there was error.

7. The objection that the facts stated do not constitute a crime is based upon the contention that the defendant cannot be prosecuted upon the complaint of the mother of the woman with whom the alleged crime was committed. The charging part of the indictment reads as follows: "The said W. J. Ryan, on or about the 30th day of April, A. D. 1923, in the said County of Deschutes and State of Oregon, then and there being, did then and there wrongfully, unlawfully and feloniously commit the crime of adultery,

by then and there wrongfully, unlawfully and feloniously having illicit sexual intercourse with one Catherine Bond, the said Catherine Bond then and there being an unmarried female person under the age of twenty years, to wit, of the age of eighteen years, and the said W. J. Ryan then and there being a married man with a wife then and there living, and not then and there being the husband of the said Catherine Bond.''

Our statute contains no definition of the crime of adultery. It merely provides: (Section 2071) ''If any person shall commit the crime of adultery, such person, upon conviction thereof, shall be punished * * .'' Adultery was not indictable at common law, but was left to the ecclesiastical courts for punishment. Under the ecclesiastical law adultery was the sexual violation of the marriage relation. Says Mr. Wharton in his treatise on Criminal Law, Vol. 3 (11 ed.), Section 2064: ''Adultery, according to the definition thus established, is sexual connection between a man and a woman, one of whom is lawfully married to a third person; and the offense is the same whether the married person in the adulterous connection is a man or a woman. The Roman law being in this respect superseded, this definition was accepted by every Christian state at the time of the colonization of America; and is no doubt part of the common law brought with them by the colonists of all Christian nationalities.'' In Section 2066 the same author says: ''Where there is a positive local statute defining adultery, of course such statutory definition must be accepted. But when 'adultery' simply is made indictable, then it must be remembered that, as just stated, the term is to be taken in the sense accepted at the time of the settlement of America, and

for many centuries internationally received, namely, sexual connection by a man and a woman, one of whom is lawfully married to a third person. And this definition alone meets the full evil, which is the contempt cast on the married state, and the misery and demoralization produced in families by marital disloyalty of either father or mother. Nor is it easy to see how this definition can be escaped except by legislative exclusion, either express or implied. If an adulteress be a principal in her own adultery, her paramour is a principal in the second degree."

Notwithstanding that the statute contains no definition of the crime of adultery, Section 2072, Or. L., prescribes the cases in which a prosecution for the crime may be conducted in these words: "A prosecution for the crime of adultery shall not be commenced except upon the complaint of the husband or wife, or if the crime be committed with an unmarried female under the age of twenty years upon the complaint of the wife, or of a parent or guardian of such unmarried female, and within one year from the time of committing the crime, or the time when the same shall come to the knowledge of such husband or wife or parent or guardian. When the crime of adultery is committed between a married woman and an unmarried man, the man shall be deemed guilty of adultery also, and be punished accordingly."

The latest construction placed upon this statute is to be found in *State* v. *Stevenson,* 98 Or. 285 (193 Pac. 1030), where this court said: "While the crime of adultery is an offense against both the state and the innocent spouse in this state, yet according to the provisions of the statute of Oregon no grand jury can indict, nor can any person file an information before a magistrate charging another with the crime of

adultery unless such prosecution is commenced upon the complaint of the husband or wife, excepting when the crime has been committed with an unmarried female under the age of twenty years, then upon the complaint of the wife, or of a parent or guardian of such unmarried female.''

8. Under this decision the sexual connection by a man, who at the time is lawfully married to a third person, and an unmarried female under the age of twenty years, is an act of adultery upon the part of the man for which he may be prosecuted, either upon the complaint of his wife or upon the complaint of the parent or guardian of the unmarried female, if commenced within the time prescribed by Section 2072, Or. L. The facts stated in this indictment were sufficient to charge the defendant with the commission of the crime of adultery. The contention that the indictment, to be good, must show on its face that the prosecution was commenced upon the complaint of one of the parties mentioned in the statute, is overruled by the former decisions of this court. It is sufficient if that fact is established by proof upon the trial. See *State* v. *Hayes,* 51 Or. 466 (94 Pac. 751); *State* v. *Ayles,* 74 Or. 153 (145 Pac. 19, Ann. Cas. 1916E, 738).

The judgment, therefore, must be affirmed, and it is so ordered.                                              AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.