## School District No. 14 v. Nicholas Griner

1. MISNOMER; *Name of Corporation; Waiver.* A misnomer of the defendant, a corporation, is waived by an appearance and filing an answer to the merits, and cannot be raised by an objection to the admission of testimony.

2. VERDICT, *Setting aside of; Conflicting testimony.* Where the evidence is conflicting a reviewing court will not reverse an order of the district court refusing to grant a new trial on the ground that the verdict is contrary to the evidence, unless the preponderance should be very great.

*Error from Atchison District Court.*

THE style of the action below was, "*Nicholas Griner, Plff., v. School District No. Fourteen of Atchison County, Kansas, Deft.*" The petition alleges that one Wagner, on a contract with the district board, built a school-house for said district, in 1869; that the contract price was $450; that the building was accepted, and $154.50 paid to Wagner; that for full value paid, Wagner, on the 18th of November, 1869, assigned the balance of his claim, $295.50 to *Griner*, and judgment is demanded for said sum and interest. Defendant answered—1st, a general denial, except the payment of $154.50 to Wagner; 2d, no notice of the assignment to plaintiff was given to defendant; and that on the 24th of November Wagner gave two orders on defendant to certain creditors of his,

who were threatening to garnishee defendant, one to H. & F. for $121.35, and one to S. & S. for 133.80, which orders were accepted by defendant; 3d, that afterward, on said 24th of November, it was agreed by and between plaintiff, defendant, and Wagner, that defendant should pay said acceptances to H. & F. and S. & S., "and that plaintiff should receive from said Wagner a certain horse, and other valuable consideration, then by said Wagner delivered to him, in full satisfaction of his said assigned claim, and relinquish all claim against defendant thereon." Reply, general denial of the matters alleged in the answer. The case was tried at the November Term, 1870. Defendant alleged a misnomer in the name of defendant, and objected to any evidence being received under the petition. Objection overruled. Two witnesses testified on the part of the plaintiff, and four on the part of the defendant. Verdict for plaintiff for $295.50. Motion for a new trial on the ground that the verdict was not sustained by the evidence. Motion overruled, and judgment on the verdict. The *School District* brings the case here by petition in error.

*W. W. Guthrie*, for plaintiff in error:

1. Could judgment be rendered against plaintiff in error, as a defendant, when *not* sued by the "name and style" in which the law says a School District may be sued, namely: "School District No. 14, Atchison County, *State of* Kansas." The words, "State of," are omitted in the style of the action.

This is not a misnomer only. But a public corporation exists as authorized by law, with such "powers" and "liabilities" only as are conferred by law, and which are authorized to be exercised "by a certain name" by which it levies taxes, and demands collection; and its officers are liable to be sued personally in event of failure. Gen. Stat., p. 920, § 24; p. 926, § 53; p. 932, § 85.

Could the plaintiff, in the name sued, levy and collect a tax? Or enforce a contract, without averring a mistake? Substantial rights are affected without power of remedy if this judgment can be enforced.

2. Even in case of a summons not having the statutory requisites, as not being in name of "The State of Missouri," is void, and does not lay foundation for a judgment. 5 Mo., 226.

3. Judgments against a corporation by wrong name is void. 5 N. H., 446; 5 Mass., 94; 1 Ld. Raym., 117, 1238; Salk., 433. This is certainly true in case of a *public* corporation.

4. The verdict is not sustained by the evidence. It is *contrary* to the positive testimony of a majority of the witnesses.

*S. H. Glenn*, and *P. H. Hubbard*, for defendant in error:

1. The objection to the name or style by which the school district was sued was taken too late. Defendant answered the petition, pleading to the *merits*, using the same name for itself that is used in the petition. Issue was joined on the merits of the action.

If the alleged defect is a defect at all, it is not a defect going to the *merits*, or to the jurisdiction of the court; and cannot be taken advantage of by objections to all evidence, but should have been pleaded in abatement. 1 Chitty, Pl., 451; 30 Ill., 151; Angell on Corp., § 650. And if not so pleaded in abatement, it is deemed *waived* whenever a plea to the merits is interposed. 2 Wis., 102; Code, §§ 89, 90, 91.

A corporation cannot take advantage of a *misnomer* by motion in arrest of judgment, but must plead it in abatement. 5 Mass., 97; 10 id., 360.

2. There was no error in overruling the motion for a new trial. There was *some* evidence, on every material point necessary to be proven, to sustain the verdict; and it will not be disturbed. 3 Kas., 281; 5 Kas., 82, 58; 2 Wis., 437; 12 id., 628; 7 Mo., 220; 10 Georgia, 350; 3 Gra. & Wat., 1214.

A new trial will only be granted when *injustice* has been done by the verdict, and there is a probability that justice will be done on a re-trial. 5 Ohio, 509.

The opinion of the court was delivered by

KINGMAN, C. J.: Two questions are presented in this case:

First, The action is brought against "School District No. 14, of Atchison County, Kansas." The law makes each School District organized under the law, a body corporate by the name and style of "School District No. ——, ———— County, State of Kansas." The error is, leaving out the words "State of," in the name of the corporation. The defendant answered the petition on the merits, and a reply was duly filed. On the trial the defendant objected to the introduction of testimony by the plaintiff because of the defect above stated. The error could not be taken advantage of in this way. It must be raised in the pleadings. Formerly it could only be taken advantage of by plea in abatement. 1 Chitty Pl., 451; *Gilbert v. Nantucket Bank*, 5 Mass., 97; *Com. v. Dedham*, 16 Mass., 141; *Trustees of M. E. Church v. Tryon*, 1 Denio, 451; *Gray v. Mongahela Nav. Co.*, 2 Watts & Serg., 156. The objection to evidence only goes to the point of whether the petition states facts sufficient to constitute a cause of action; not to such a defect as the one under consideration.

*1. Misnomer; name of corporation. Waiver.*

Second: This is error of the court in refusing to grant a new trial because the verdict is against the evidence. The record contains all the evidence, and it has been examined with care. The facts necessary to make out the plaintiff's right of action are abundantly sustained, and about them there is little conflict. The greater number of the witnesses sustain the defense set up to defeat the action, while the plaintiff unqualifiedly testifies against the witnesses for defense; and some of the undisputed facts tend to sustain his testimony. It seems to us that it would have been proper for the court below to have granted a new trial. A re-examination of the questions in dispute, by another jury, would have been likely to promote the cause of justice. But as has been frequently decided, this court will not order a new trial because there seems a preponderance of evidence against the verdict. To weigh the evidence was the special province of the jury. If their verdict was wrong, the court below ought to have given a new trial. That court, like the jury, saw the

*2. Verdict; conflicting testimony.*

witnesses, heard the testimony, and was in a more favorable position to form an opinion than this court. We cannot, when there is such a conflict in the evidence, reverse the decision of the court below in refusing to grant a new trial. The judgment is affirmed.

BREWER, J., concurring.