DAVID H. GORDON, PLAINTIFF IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

1. Upon the trial of an indictment for perjury it is competent to give in evidence the contents of the declaration in the suit in which the alleged perjury was committed, if it is proved that the declaration had been filed and could not, upon due search, be found.

2. Whether the testimony upon which the perjury was assigned was upon a subject material to the issue in the civil suit, was a question entirely for the court, and not at all for the jury.

Error to the Supreme Court.

For the plaintiff in error, *R. W. Dayton* and *G. C. Ludlow*.

For the defendant in error, *Chas. Haight*.

The opinion of the court was delivered by

THE CHANCELLOR. The grounds upon which the plaintiff in error seeks to reverse the judgment in this case (an indictment for perjury,) are that the court in which the indictment was tried admitted illegal evidence of the contents of the declaration in the suit in which the alleged perjury was committed, and that it erred in charging the jury that certain evidence was material to the issue in that suit. It was proved that the declaration had been filed and had been lost, and could not, upon due search, be found. It was therefore proper to admit secondary evidence of its contents. *Johnson* v. *Arnwine*, 13 *Vroom* 451. As to the charge: the court charged the jury that it was for the court to determine whether the evidence given by the defendant upon the trial of the civil action was material to the issue or not, and it also charged that the testimony upon which the perjury was assigned was upon a subject material to the issue in the civil suit. There can be no doubt that the evidence was material. The action was for damages for the seduction, by the defendant, of the

Govern v. Bumstead.

plaintiff's daughter, and the evidence in question was the testimony of the defendant that he had never had carnal intercourse with the daughter. · There was no error in the charge. Whether the evidence was material or not was a question entirely for the court, and not at all for the jury.  *Bish. Cr. Pro.*, § 74; *Power* v. *Prince*, 16 *Wend.* 450; *Steinman* v. *McWilliams*, 6 *Barr* 170.  The cases, *Rex* v. *Dunston*, *Ry. & M.* 109, and *Commonwealth* v. *Pollard*, 12 *Metc.* 225, cited by Gordon's counsel, are not to the contrary.

The judgment of the Supreme Court should be affirmed.

*For affirmance* — THE CHANCELLOR, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, COLE, MCGREGOR, WHITAKER.    12.

*For reversal*—None.