UNITED STATES v. SINGLETON.

(District Court, S. D. Alabama. March 7, 1892.)

1. CRIMINAL LAW—INDICTMENT FOR PERJURY—MATERIAL AVERMENTS.
    An indictment for perjury must aver the facts showing the falseness of the oath and its materiality to the proceeding in which it was taken.

**2.** Same—Materiality for Court.

In perjury, the question of materiality of the false oath is for the court, and not for the jury.

**8.** Same—Materiality Essential.

An indictment for perjury, alleging the false oath to have been made in final homestead proof in stating the beginning of a party's residence to have been in a certain year, without averring also that this year was the beginning of the entry, does not show the statement to be material, and is demurrable.

Criminal Law.   On demurrer to indictment for perjury in final homestead proof.   Demurrer sustained.

M. D. Wickersham, U. S. Dist. Atty.

T. C. Stevens and I. M. Davison, for defendant.

TOULMIN, District Judge.   The indictment charges the defendant with the commission of perjury in testifying as a witness on the proceeding for "final proof" in the homestead entry of one William A. West, on the 1st of October, 1890.   In giving testimony on said proceeding it was material to show that said West had resided on or cultivated the land covered by his homestead entry for the term of five years immediately succeeding the filing of the affidavit required by law to be made by him at the time he made the entry.   The indictment avers that defendant did in giving his said testimony depose and say that William A. West settled and established a residence on said homestead land (describing it) about the year 1882, and that he cultivated about one half to one acre for five seasons or more; with the proper averments that such statements were made on oath duly administered, etc., and that they were knowingly and willfully false, etc.

To found an indictment for perjury one of the requisite circumstances is that the matter sworn to must be material to the question depending; and the materiality of the matter sworn to must be expressly averred, or it must be clearly disclosed by the facts as stated on the face of the indictment.   It must clearly appear that it was material, or it must be alleged to be so; and the question of materiality is for the court.   The specific statements by the defendant that the homesteader had settled and established a residence on the land about 1882, and had cultivated a small portion of it for five seasons or more, may or may not have been material.   It does not appear by facts, as stated on the face of the indictment, that such matter was material, and there is no express averment that it was so.   The proceeding, as I have said, was the making of "final proof" in a homestead entry, and it was material whether the homestead applicant had resided on or cultivated the land entered for the term of five years immediately succeeding the filing of the affidavit required to be made by him at the time of the entry.   The indictment does not aver that the defendant made any such material statements on oath.   It does not aver that he testified to any such material facts.   It does not anywhere appear in the indictment that the entry was made in the year 1882.   If it did, it could then be seen that the alleged false statement made by the defendant had some materiality to the question depending in the final proof proceedings.   When there is a specific averment that the cultivation or residence

was at a particular time or for a particular period, it is necessary for it to appear by some other appropriate averment in the indictment that such particular time had some connection with or reference to the time required by law for such residence and cultivation. Without such appropriate averment, the materiality of the particular time of such residence and cultivation averred to have been sworn to by defendant does not appear. The point raised by the demurrer to the indictment is not whether there are material or immaterial averments in the indictment; but whether the indictment shows that the matter alleged to have been sworn to by the defendant, and on which the perjury is assigned, was material in the proceeding in which the alleged false oath was taken. My opinion is that the point is well made, and that the demurrer is good, and should be sustained. It is so ordered.