[Crim. No. 719.   Department Two. — July 16, 1901.]

THE PEOPLE, Appellant, v. G. W. SIMPTON, Respondent.

CRIMINAL LAW — PERJURY — INDICTMENT — NECESSARY ALLEGATIONS. — It is essential to the crime of perjury that the person alleged to have committed the offense must have been first duly sworn that he would "testify, depose, or certify truly" before a competent tribunal, officer, or person; and an indictment for such crime must allege that the defendant was so sworn in direct and positive language, and if not in the words of the statute, by plain and direct words which are equivalent.

ID. — INSUFFICIENT ALLEGATION OF TAKING OATH. — An indictment for perjury, which alleges that the defendant, before a specified officer, "did then and there willfully, corruptly, knowingly, falsely, and feloniously swear, take oath, and make his affidavit, and state matters material in said proceeding as true, which he knew to be false," is insufficient, in not alleging directly or by necessary inference that the defendant was first duly sworn by the officer that he would "testify, depose, or certify truly."

APPEAL from an order of the Superior Court of the City and County of San Francisco sustaining a demurrer to an indictment.   Carroll Cook, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney-General, Lewis F. Byington, District Attorney, and I. Harris, Assistant District Attorney, for Appellant.

D. J. Murphy, and J. H. Budd, for Respondent.

COOPER, C.—This appeal is by the people from an order sustaining defendant's demurrer to the indictment.

The indictment attempted to charge the defendant with the crime of perjury, in making a certain affidavit in the matter of the estate of James G. Fair, deceased, in a proceeding entitled "Petition of Nettie R. Fair for a family allowance."   The main contention in support of the ruling of the lower court is, that the indictment fails to show that an oath was taken by or administered to defendant.   The indictment is quite lengthy, and it is necessary to state herein only the portion of it bearing upon the point under discussion, and it is not necessary to discuss other questions raised by counsel, for the reason that the demurrer was properly sustained upon the grounds herein given.   The part of the indictment material here is as follows:—

"And the jurors aforesaid on their said oaths do say that on or about the said twelfth day of August, 1899, at the said city and county of San Francisco, state of California, the said G. W. Simpton, before one Harry J. Lask, a notary public in and for said city and county of San Francisco, state of California, residing therein, and duly commissioned and sworn, and then and there duly authorized by law to administer oaths, and authorized by law to administer an oath to the said G. W. Simpton, did then and there willfully, corruptly, knowingly, falsely, and feloniously swear, take oath, and make his affidavit, and state matters material in said proceeding as true, which he knew to be false, and did then and there depose and swear, in substance, as follows."

The Penal Code provides: "Every person who, having taken an oath that he will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the

cases in which such an oath may by law be administered, willfully and contrary to such oath states as true any material matter which he knows to be false, is guilty of perjury."

It is evident from the definition of perjury contained in said section that it is of the very essence of the offense that the person alleged to have committed the crime must have been first duly sworn that he would "testify, depose, or certify truly" before a competent tribunal, officer, or person. There is no pretense of a statement that defendant was sworn to "testify truly" in said matter. He must have been first duly sworn to "testify or depose truly," before he could have been guilty of perjury in not testifying truly. The words, "swear, take oath, and make his affidavit," are not equivalent to an averment that he was "duly sworn to testify truly." It is not even alleged that any party administered an oath to defendant. If he "took oath" by having it administered by some other notary public, or magistrate, in the presence of Lask, or if he took it by solemn vow made to himself, it might be true that he took oath before Lask. It is essential that an indictment shall state every fact and circumstance necessary to constitute the offense charged, in direct and positive language. If not in the words of the statute, it must be by plain and direct words which are equivalent. It must clearly appear upon the face of the indictment that a crime has been committed. No imagination nor presumption can be called in to aid a defective indictment. If the facts stated may be true, and yet may or may not constitute a crime, the presumption is that no crime has been charged. (*People* v. *Terrill*, 127 Cal. 100.)

Applying the test to this indictment, it will be readily seen that it does not charge an offense. Some one other than Lask might have administered the oath, and yet the indictment be true. Defendant might have taken an oath to the effect that he would not testify truly, and the indictment be true, because it is not even intimated that he took an oath to testify truly.

At common law it was necessary for the indictment to allege that the defendant "was sworn and took his corporal oath, before (naming the officer), on the Holy Gospel of God, to speak the truth, the whole truth, and nothing but the truth, of and concerning the matter then depending." (2 Wharton on Precedents of Indictments and Pleas, 6, 7.) The statutes 1 & 2 Vict., chap. 105, changed the rule, by providing that the

oath might be administered "in form and with such ceremonies as such person may declare to be binding"; but this statute did not dispense with the necessity of administering an oath to the party. Our code has recognized the modern tendency to regard the conscientious scruples of all persons, by providing that "the term 'oath,' as used in the last section, includes an affirmation, and every other mode authorized by law of attesting the truth of that which is stated." (Pen. Code, sec. 119.)

But, although the term "oath" is defined, there is no provision dispensing with the necessity of being sworn to testify, declare, depose, or certify truly before a competent tribunal, board, or person. And all indictments or informations for perjury, in this state, in the cases to which our attention has been called, state that the defendant was duly sworn before some competent tribunal, officer, or person to testify, declare, depose, or certify truly. (*People* v. *Ah Bean*, 77 Cal. 12; *People* v. *De Carlo*, 124 Cal. 463; *People* v. *Rodley*, 131 Cal. 240.)

In *People* v. *Dunlap*, 113 Cal. 74, the indictment charged that the county assessor had authority to administer oaths, and that defendant "did then and there willfully, corruptly, falsely, and feloniously testify, declare, depose, swear, and certify, . . . in a case in which said oath was by law properly administered, . . . after having taken an oath that she would testify truly, she willfully, falsely, and, contrary to such oath, corruptly and feloniously swore and testified to said false and material facts as aforesaid." It was held that the indictment did not state facts sufficient to constitute a public offense, and that it was not in fact stated that the assessor or any other person did in fact administer an oath to her. In the opinion it is said: "In an indictment for perjury it must appear that the defendant was sworn, and that the person who administered the oath to him had authority therefor."

In *United States* v. *McConaughy*, 33 Fed. Rep. 168, the indictment alleged that defendant did "depose and swear," and that "said oath, taken as aforesaid, was then and there duly administered." The court sustained a demurrer to the indictment, and in the opinion said: "In an indictment for perjury it must be directly stated in some form of apt words that the defendant was sworn. It is not sufficient that it appears by inference or argument. . . . One may swear, who is not duly sworn. In one case, the oath, so to speak, is self-imposed, and

the swearer incurs no legal liability thereby, while in the other the oath is administered by a person having authority so to do, and the affiant takes it subject to the pains and penalties for perjury."

In the case of *State* v. *Divoll*, 44 N. H. 142, the authorities and precedents are fully examined and stated, and it is said: "That the party was sworn, must be alleged distinctly and positively. It is not enough to state it argumentatively, or to make such a statement as by inference implies that a party was sworn, however strong this implication may be."

It follows that the order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.                 Temple, J., McFarland, J., Henshaw, J.