[S. F. No. 4486.   Department Two.—March 31, 1906.]

**J. S. McCUE and Wife, Respondents, v. WILLIAM B. BRADBURY et al., Appellants.**

DEED OF TRUST—OFFER TO PAY DEBT—DEPOSIT IN BANK—BAD FAITH OF CREDITOR — FORFEITURE — INJUNCTION TO RESTRAIN SALE.—An action to enjoin a sale under a deed of trust, after an offer of payment and deposit in bank of the amount of the debt for the creditor, and notice thereof, to the form of which offer and payment the creditor made no objection, the gist of which action is that the acts and conduct of the defendant in assenting to the proposed mode of payment were done in bad faith, to lull plaintiffs into fancied security, with the end in view of declaring a forfeiture and forcing a sale of plaintiffs' property, cannot be defeated on the ground that there was no complete legal tender of the money to the creditor. Such acts and conduct were sufficient to induce a court of equity to relieve against the forfeiture and to compel the creditor to accept in full satisfaction of his demand the amount due and payable on the day when the deposit was made, which the plaintiffs then were and ever since have been ready, willing, and able to pay.

ID.—EQUITABLE RELIEF AGAINST FORFEITURE.—Equity will refuse to enforce a forfeiture at the instance of one who has obtained the strictly legal right to it by fraud, deceit, or any other form of oppressive practice; and, upon the other hand, will relieve the innocent where such a forfeiture so secured is sought to be enforced.

APPEAL from a judgment of the Superior Court of Marin County. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

T. C. Kierulff, E. C. Chapman, and R. M. F. Soto, for Appellants.

H. V. Morehouse, and J. E. Alexander, for Respondents.

HENSHAW, J.—Plaintiffs had executed to trustees a deed of trust in the usual form as security for moneys advanced by defendant William B. Bradbury. The trustees, having declared a default and forfeiture under the terms of the trust, were proceeding to sell the lands, when plaintiffs instituted this action to restrain them, and to compel the defendant Bradbury to accept in extinguishment of their debt to him

the moneys due and evidenced by certificates of deposit issued by a bank in San Rafael, Marin County, in which county the land is situated. The history of the transactions and dealings of the parties may best be told in the language of the findings, which findings derive ample support from the evidence. It is first found that plaintiffs were the owners of the property, and that they had executed their promissory note and the trust-deed; that they paid the interest on the promissory note regularly according to its terms; that the principal sum of it and the last installment of interest became due and payable on the twenty-second day of October, 1904, and if not paid on that date the trustees had full power to advertise and sell the land upon the demand of William B. Bradbury, for the payment of the promissory note and the interest, costs, and expenses of sale, and two hundred dollars attorney's fee, as provided in the trust-deed.

The findings then proceed as follows: ''That on or about the 19th day of October, 1903, at Corte Madera, in said Marin County, the plaintiff met the said William B. Bradbury and requested him to permit the said trust-deed to be continued at a less rate of interest, but the said William B. Bradbury would not consent so to do, and thereupon the said plaintiff J. S. McCue informed the said William B. Bradbury that he was ready, able and willing to pay him said principal and interest and would pay the same to him on the 22d day of October, 1904, at the Marin County Bank at San Rafael, in said Marin County, upon a cancellation of said trust-deed. That said Bradbury did not then and there, or at any other time, or at all, make or express any objections to going to San Rafael to get said money, but in reply said, 'All right, but it is not due until the 23d.' That on, and for several hours during said 22d day of October, 1904, said McCue was in San Rafael, Marin County, and was then and there ready, able and willing to pay said Bradbury the full amount of said principal, and interest then due and owing to said Bradbury upon said note, but that said Bradbury did not appear at said bank, or at any other place in San Rafael, on said 22d day of October, 1904. That the 23d day of October, 1904, was Sunday. That thereafter, to wit, on the 24th day of October, 1904, the plaintiffs herein procured from and caused to be issued by the Marin County

Bank, a bank of good repute, two certificates of deposit, one in the sum of three thousand two hundred and forty-three and $^{56}/_{100}$ ($3,243.56) dollars, payable to William B. Bradbury, the defendant herein, or his order, and the other in the sum of fifty-three and $^{44}/_{100}$ ($53.44) dollars, payable to W. P. Taylor, or his order. That said W. P. Taylor was and now is the tax-collector of said county of Marin, and the amount certified in said last-mentioned certificate of deposit, to wit, the sum of fifty-three and $^{44}/_{100}$ ($53.44) dollars, was the amount of taxes levied and assessed on the 1st Monday of March, 1904, upon and against said trust-deed, all of which was then due, owing and unpaid. That thereafter, to wit, on the said 24th day of October, 1905, Kittie G. McCue, one of the plaintiffs herein, prepared and signed, with the knowledge, consent and concurrence of J. S. McCue, the other of said plaintiffs, and caused to be served upon said Bradbury at his home in Corte Madera, in said county, an offer, in writing, addressed to said Bradbury, to pay to said Bradbury the full amount then due to said William B. Bradbury upon said note and trust-deed upon condition that said Bradbury make, execute and deliver to plaintiffs a reconveyance in due form of the land and premises theretofore conveyed in trust to secure the payment of said note. That said offer of payment was in the words and figures following, to wit: 'To W.. B. Bradbury. You will please take notice that the full amount due on my note heretofore executed to you and secured by trust-deed has been deposited at the Marin County Bank at San Rafael, California, payable to your order. You will please call at the office of E. B. Martinelli and deliver to him a reconveyance in due form of the premises heretofore conveyed by me in trust to secure the payment of the note aforementioned, and the money deposited to your order will be paid over to you. Respectfully yours, Kittie G. McCue.' That all this was done by the plaintiffs herein in good faith and with the intent and purpose of paying the said William B. Bradbury in full the amount then due and owing him, and that the said plaintiffs were then and there ready, willing and able to pay to said William B. Bradbury the full amount then due and owing to him under said note and trust-deed. That said Bradbury received said written offer of payment on said 24th day of October, 1904, at his

home in Corte Madera, at or about the hour of 6 o'clock P. M. of that day. That said William B. Bradbury did not then, or at any other time, or at all, make any objections to the form, terms, or conditions of said offer of payment. That said William B. Bradbury was personally acquainted with said E. B. Martinelli, and that said William B. Bradbury was in San Rafael on October 25, 1904, and that he did not then, or at any other time, or at all, accept said offer of payment or signify a willingness to make a reconveyance to the plaintiffs upon payment of the full amount due and owing to him of the property described in said trust-deed, as required and conditioned by said offer of payment and the terms and conditions of said trust-deed. That on the said 24th day of October, 1904, the said William B. Bradbury demanded of and directed the said Mary M. Bradbury and John F. Allen, as trustees named in said trust-deed, to advertise and sell said lands and premises, and thereupon and at the request and direction of said William B. Bradbury a notice of sale of said lands and premises under and by virtue of the terms and conditions of said trust-deed, was prepared, and by said William B. Bradbury, in person, on the 27th day of October, 1904, and not before, given for publication to the 'Recorder-Enterprise,' a weekly newspaper of limited circulation printed and published at the town of Mill Valley, in Marin County. That said 'Recorder-Enterprise' is published at a place away from said lands and has no general circulation throughout said Marin County or at Corte Madera, where said lands and premises are situated. That thereafter, to wit, on the 29th day of October, 1904, said notice of sale appeared and was printed and published in said Recorder-Enterprise, and the sale of said land and premises was noticed and specified therein for the 19th day of November, 1904, at the hour of 12 M. of that day in front of the town hall in the town of Mill Valley. That the said sale was thereafter postponed to the 26th day of November, 1904, at 12 M. of that day. That said William B. Bradbury had ample and sufficient time after receiving said offer of payment, and before he personally gave said notice of sale to said newspaper for publication, to withdraw his demand upon said trustees to sell said lands and premises, without cost or expense to himself or plaintiffs. That in attempting to make said sale, as aforesaid, the said William

B. Bradbury was not acting in good faith, but sought to take advantage of said plaintiffs and to put them to large and unnecessary costs and expenses. That the said lands and premises are of a value far in excess of the amount due and owing on said note by the said plaintiffs, all of which the said William B. Bradbury then and there well knew, and the said lands and premises were ample security for the payment of said note and interest, and upon a sale thereof, properly made and advertised, would bring a sum of money far in excess of the amount of said indebtedness and the costs and expenses and attorneys' fees attending the sale thereof, all of which said William B. Bradbury well knew. That the sale of said lands and premises would cast a cloud upon the title of said plaintiffs to said lands and cause plaintiffs unnecessary expense and litigation, and prevent said plaintiffs from the sale thereof or using the same as security to negotiate a loan or loans upon, all of which said defendant William B. Bradbury well knew, and their value thereof consists in the plaintiffs being able to sell them in lots and would be greatly depreciated by any sale thereof under said notice of sale. That plaintiffs have no plain or speedy or adequate remedy at law, and that the injury which they would sustain by such sale cannot be adequately compensated in damages, and that the sale thereof is wholly unwarranted and unnecessary, all of which defendant William B. Bradbury well knew; and he, the said Bradbury, knew that by complying with said written notice served upon him, and giving the release of said trust-deed, he would be paid in full, but, with the fraudulent intent and purpose of annoying and putting said plaintiffs to expense and putting said property in condition to prevent its being used as security for the loan of money, he caused said trustees to advertise said land and premises for sale.''

Appellants' principal contention upon appeal is that the acts of the McCues looking to the payment of the obligation to Bradbury were entirely insufficient as a legal tender of payment, and that this being so, and plaintiffs being in default under the terms of the trust, Bradbury's trustees were justified in proceeding with the sale of the property to extinguish the McCues' obligation. But in this appellants mistake the gist of the action. The action is not based upon the assumption

that the tender actually made was a full and complete legal tender, but upon the contention that the acts of the defendant William B. Bradbury, in assenting to the proposed mode of payment, in failing to make objection in any form to the tender as made, and in doing all this in bad faith, to lull the plaintiffs into a fancied security, with the end in view of declaring a forfeiture and forcing a sale of their property— that these acts and this conduct are sufficient to induce a court of equity to relieve against the forfeiture, and to compel defendant Bradbury to accept, in full satisfaction of his demand, the amount due and payable upon the twenty-fourth day of October, which amount the plaintiffs then and ever since have stood ready, willing, and able to pay. It is based upon the equitable principle, often invoked and as often upheld, that equity will refuse to enforce a forfeiture at the instance of one who has obtained the strictly legal right to it by fraud, deceit, or any other form of oppressive practice; and, upon the other hand, will relieve the innocent when such a forfeiture so secured is sought to be enforced. (*De Groot v. McCotter,* 19 N. J. Eq. 531; *Adams v. Rutherford,* 13 Or. 78, [8 Pac. 896]; *Broderick v. Smith,* 26 Barb. 539; *Noyes v. Clark,* 7 Paige 179, [32 Am. Dec. 620]; *Moore v. Sargent,* 112 Ind. 484, [14 N. E. 466]; *Wilcox v. Allen,* 36 Mich. 160; *Bennett v. Stevenson,* 53 N. Y. 508.) All of this is in consonance with the language and spirit of section 1511 of our Civil Code, which declares that want of performance of an obligation, or any delay therein, is excused, when such performance is prevented or delayed by the act of the creditor. The findings of the court go both to the good faith, the willingness, and the ability of the plaintiffs to pay, and equally to the bad faith of the defendant William B. Bradbury in seeking to avoid the payment. The judgment which the court rendered restores to Bradbury everything of value with which he parted, and that with interest, and, upon the other hand, saves to the plaintiffs the property which is legally and justly theirs.

The judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.