[Crim. No. 1496. In Bank.—June 30, 1909.]

# THE PEOPLE, Respondent, v. WILLIAM B. BRADBURY, Appellant.

CRIMINAL LAW—INDICTMENT—PLEADING PARTICULAR CIRCUMSTANCES.— Where necessary to show a complete offense, the particular circumstances constituting it must be pleaded in the indictment.

ID.—PERJURY—FALSE DENIAL THAT DEFENDANT "TOLD" A BANK— SUFFICIENCY OF INDICTMENT.—An indictment for perjury, which charges that the defendant falsely testified that he never "told" a designated bank not to do a certain thing, the falsity of which declaration is charged by the averment that the defendant, prior to a specified date, did "tell" said bank not to do such thing, is not subject to a demurrer for insufficiency in its allegations of the perjurious matter.

ID.—SPECIAL DEMURRER TO INDICTMENT—FAILURE TO DESIGNATE OFFICER OF BANK WHO WAS TOLD—APPEAL.—Such indictment was obnoxious to a special demurrer for failure to comply with the requirements of subdivision 3 of section 952 of the Penal Code, in omitting to name the officer of the bank whom the defendant told. Such objection, however, to be available to the defendant on appeal, should have been taken by a special demurrer in which the precise defect was specifically pointed out. It cannot be taken advantage of under a general demurrer that the indictment did not conform to the requirements of section 952 of the Penal Code, nor under a special demurrer that the indictment was not direct and certain, in other specified respects, as to the particular circumstances of the offense charged, nor under a demurrer that it does not substantially conform to the requirements of section 966 of the Penal Code declaring that indictments for perjury shall contain "proper allegations of the falsity of the matter on which the perjury is assigned."

ID.—ASSIGNMENT OF PERJURY—EXPLANATION BY INNUENDO WHEN NECESSARY.—The assignment of perjury in an indictment consists of an express contradiction of the defendant's statement on oath, when necessary, explained by innuendo. If the statement charged as false is of a particular fact, it is sufficient in the averment to negative that fact. If the statement is general, and the existence of a particular fact makes it false, that fact must be alleged positively. It is in this latter class of cases that the necessity of an averment by innuendo arises.

ID.—OATH TO TESTIFY TRULY—SUFFICIENCY OF ALLEGATION.—An indictment for perjury which charges that the defendant, at a specified trial before a specified superior court, "was then and there duly

sworn before the said superior court in open court, that the evidence
that he . . . should give to the said court, then and there touching
the matters then in question in the trial of said civil action, should
be the truth, the whole truth and nothing but the truth," sufficiently
alleges that the defendant was sworn "to testify truly."

ID.—DEPUTY CLERK OF SUPERIOR COURT—MAY ADMINISTER OATH.—
Under section 14 of article VI of the constitution, county clerks are
*ex officio* clerks of the courts of record in and for their respective
counties, and an indictment for perjury which alleges that the oath
was administered by a named individual, "who was then and there
the duly appointed, qualified and acting deputy clerk of the superior
court" of the county, sufficiently shows that it was administered by
a person authorized so to do. In such matter, the deputy may act
for his principal.

ID.—INSTRUCTION REQUESTED BY DEFENDANT CANNOT BE COMPLAINED
OF.—On a trial for perjury, where the court had instructed the jury
that before they could convict the defendant they must find "that
he knowingly and willfully testified falsely in the manner and form
charged in the indictment in this case, *excepting in one particular,
which I will come to later,*" its omission to subsequently explain
such exception cannot be complained of by the defendant if the
instruction were given at his request.

ID.—CONFUSION IN INSTRUCTIONS OPERATING TO BENEFIT DEFENDANT.—
If the result of the court's failure to explain such exception was
to leave the minds of the jurors in a confused state, such confusion
would be for the benefit and not for the injury of the defendant.

ID.—MATERIALITY OF FALSE TESTIMONY — QUESTION FOR COURT — CON-
TRADICTORY INSTRUCTIONS WITHOUT PREJUDICE.—In such a trial, it
is proper to instruct the jury that "whether the testimony alleged
to be false was or was not material is a question of law which is
for the court to determine and not for the jury"; and a conflicting
instruction, whereby the jury was told that it must determine the
materiality of the evidence, was without prejudice to the defendant,
and will not warrant a reversal of a judgment of conviction.

ID.—"TELLING" BANK—EVIDENCE OF REQUEST TO OFFICERS.—The al-
legation in the indictment that the defendant "told" the bank not
to do the thing charged is sufficiently established by evidence that
he requested its president and its teller not to do it.

ID.—ADMISSIBILITY OF JUDGMENT-ROLL IN ACTION IN WHICH PERJURY
WAS COMMITTED.—On the trial for perjury, the judgment-roll in
the action in which the perjury was committed is admissible in evi-
dence as tending to show the pendency of the proceeding, the juris-
diction of the court, the giving of the testimony, and its materiality.

APPEAL from a judgment of the Superior Court of Marin
County and from an order refusing a new trial. Carroll
Cook, Judge presiding.

The facts are stated in the opinion of the court.

James W. Cochrane, Richard P. Henshall, and Charles H. Fairall, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

HENSHAW, J.—Defendant was indicted, tried, and convicted of the crime of perjury. He appeals from the judgment and from the order denying his motion for a new trial.

The indictment charged that defendant falsely testified that he "never went to the Marin County bank and told said bank not to loan to J. S. McCue money to meet the obligation that said J. S. McCue would be owing to said William B. Bradbury on the 22nd day of October, 1904, that he the said William B. Bradbury never told the said Marin County bank not to loan any money to J. S. McCue." The averment of the falsity of these declarations is charged as follows, omitting unnecessary matter: "That the said William B. Bradbury did tell said Marin County bank prior to said 22nd day of October, 1904, not to loan any money to said J. S. McCue."

A demurrer was interposed to this indictment, and under this demurrer it is argued that the indictment is insufficient in failing to conform to subdivision 3 of section 952 of the Penal Code; that is to say, that it does not allege the particular circumstances which here are necessary to constitute a complete offense. That where necessary to show a complete offense, the particular circumstances must be pleaded, is, of course, well settled. It is sufficient to refer to such cases as *People* v. *Lee,* 107 Cal. 477, [40 Pac. 754]; *People* v. *Ward,* 110 Cal. 369, [42 Pac. 894], *People* v. *Ammerman,* 118 Cal. 23, [50 Pac. 15]; *People* v. *Perales,* 141 Cal. 581, [75 Pac. 170]. Appellant in support of his demurrer argues, first, that the indictment insufficiently alleges the perjurious matter, in this, it avers, that Bradbury denied "that he told the Marin County bank" not to loan money to McCue; that the verb "tell" carries the meaning of information or of request orally conveyed to an understanding mind; that a bank, whether a corporation or not, has no mind, and information can be conveyed to it only through some one or another of its officers;

that it was necessary, therefore, in connection with this language, to have explained by innuendo the meaning of the language, by naming the officer whom Bradbury told or of whom he made his request.

While in its more general use the verb "to tell" does import oral communication, yet, by well-accepted usage, it may be employed where the communication is by writing. "Tell: to recount, orally or in writing." (Standard Dictionary.) No more force inheres to the objection that the pleader was in error in not making more specific by innuendo the averment of the perjurious matter that defendant "told the Marin County bank." · It is always a good pleading to allege the perjury in the exact language or in the substance of the language employed. So far, therefore, as concerns the mere setting forth of the perjurious matter, no demurrer for uncertainty can be taken, since the response of the pleader is that such was the language actually used. Moreover, it is a common practice to address a corporation by its name and not by direct reference to any particular officer of it. A letter addressed to the Farmers and Merchants' Bank "telling" them to do so and so, would be the ordinary form of a business communication, and if a witness falsely testified that he did not tell the Farmers and Merchants' Bank so and so, the pleader, in setting forth this perjurious matter, would be required only to state the fact as it was, that the witness said that he did not tell the Farmers and Merchants' Bank. Upon neither of these matters which we have so far considered can the demurrer be held well taken.

But there is another well-recognized principle applicable to the pleading of a perjury. This principle has to do, not with the averment of the perjurious matter which we have just considered, but with the assignment of perjury. The assignment of perjury consists of an express contradiction of the party's statement on oath, when necessary, explained by innuendo. That principle is this, that if the statement charged as false is of a particular fact, it is sufficient in the averment to negative that fact. But if the statement is general, and the existence of a particular fact makes it false, that fact must be alleged positively. It is in this latter class of cases that the necessity of an averment by innuendo arises. "If the statement be general and the assignment as general in the negative—as if a man swear that he has paid all his debts,

and the assignment be that that he has not paid all his debts—this would be bad for want of certainty, as it would afford the defendant no information of what was intended to be proved; but the assignment must show in what respect, or in what instances, he has not done so." (2 Archibold's Crim. Prac. & Plead., p. 1737; *United States* v. *Morgan*, Morris, (Iowa) 341, 41 Am. Dec. 234; 2 Wharton on Criminal Law, sec. 1303; 2 Bishop's New Criminal Law, sec. 917.) Thus, if the perjurious matter in this case had been a statement by defendant that he had not asked any bank to refuse to loan McCue money, it would not be sufficient in the assignment of perjury to have alleged that in truth and in fact he had asked some bank; it would be necessary further, for the enlightenment of the defendant, to have specified the particular bank. The same principle is applicable to this pleading. Defendant was entitled, upon proper demurrer, to have had the pleading made more specific by naming to him the officer of the bank of whom he is said to have made this request. The force of this reasoning and of this rule becomes quite apparent, if an indictment be considered which charged the request as having been made of the Standard Oil Company, coupled with the averment that in fact the defendant did make the request of the Standard Oil Company. The agents of the Standard Oil Company are scattered throughout the states of the United States and in foreign countries as well. Manifestly a defendant, under proper demurrer directed to this point, would be entitled to be informed whether he was charged with having made the request of an agent in China, in New York, in Texas, or in California, and who the particular agent was. In this respect, therefore, the indictment was obnoxious to a special demurrer for failure to comply with the requirements of subdivision 3 of section 952 of the Penal Code. But the defendant did not direct his demurrer specifically to this matter. He did demur generally upon the ground that the indictment did not conform to the requirements of section 952, and he did demur upon the ground that the indictment was not direct and certain as to the particular circumstances of the offense charged. But in making his demurrer specific upon this point, as good pleading required him to do, he did not direct special or any attention to the matter here pressed for review. The specific grounds of demurrer were merely

that the particular circumstances were insufficiently charged, in that it could not be determined: 1. Whether the superior court of Marin County was a competent tribunal having jurisdiction; and 2. Whether the oath was administered according to law. The demurrer also alleges that the complaint does not substantially conform to the requirements of section 966 of the Penal Code, which, dealing with indictments for perjury, declares that "proper allegations of the falsity of the matter on which the perjury is assigned" shall be alleged. But, under this head, the demurrer does not attempt to specify the particular respect in which the indictment fails. That such a special demurrer must be interposed, to the end that the court may be enlightened upon the precise matter on which error is predicated, we think too plain to call for discussion. It is so decided by the supreme court of Utah, under provisions of their criminal code, conforming in all substantial particulars to the language of our own. (*People* v. *Hill*, 3 Utah, 334, [3 Pac. 75].) Defendant, therefore, may not be permitted here in this court and for the first time to urge this ground of special objection, never presented to the trial court. (See, also, *Tucker* v. *State*, 114 Ga. 61, [39 S. E. 926].)

The contention that the indictment is defective in not alleging that the defendant was sworn "to testify truly" (*People* v. *Simpton*, 133 Cal. 367, [65 Pac. 834]), is not well founded. The indictment charges "that the said William B. Bradbury was then and there duly sworn before the said superior court in open court, that the evidence that he, the said William B. Bradbury should give to the said court, then and there touching the matters then in question in the trial of said civil action should be the truth, the whole truth and nothing but the truth." No precise form of words is exacted, and this language completely fills the requirement that the indictment should contain a statement to the effect that he was so sworn "to testify truly."

The indictment charged that the oath was administered "by F. S. Holland, who was then and there the duly appointed, qualified and acting deputy clerk of the superior court of the county of Marin, state of California." It is urged that this allegation fails to show that the oath was administered by a person authorized so to do. The argument is that there is no such officer known as "clerk of the superior court," and,

therefore, no such officer as a "deputy clerk of the superior court." The constitution, however, itself declares that the county clerks shall be *ex officio* clerks of the courts of record in and for their respective counties or cities and counties. (Const., art. VI, sec. 14.) Thus, the office of clerk of the superior court is created by law, and it needs no citation of authority to the effect that in such matters a deputy may act for his principal.

The court instructed the jury that before it could find the defendant guilty of perjury it must find "that he knowingly and willfully testified falsely in the manner and form charged in the indictment in this case, *excepting in one particular, which I will come to later."* It is said that no subsequent instruction of the court explained the meaning of the italicized language, and that the effect of the court's omission in this regard was inevitably to leave the minds of the jurors in a state of confusion. The answers to this objection are three-fold: 1. It appears by the record that the instruction was one given at the request of the defendant, and, therefore, he may not complain of it; 2. If the result of the court's failure was to leave the minds of the jurors in a confused state, such confusion, under the circumstances, made for the benefit and not for the injury of the defendant; and 3. From the later instructions of the court the precise matter to which the exception has reference is made clearly to appear. That matter consisted of certain evidence alleged in the indictment to have been given by Bradbury which the court properly, as matter of law, determined was not material, and as to which the court instructed the jury that the defendant would not be guilty of perjury even if he had testified falsely concerning it.

The court instructed the jury that before the defendant could be convicted of the crime of perjury, there must be established beyond a reasonable doubt and to a moral certainty by the testimony of, at least, two witnesses, or by the testimony of one witness and corroborating circumstances, certain facts amongst these, "that such testimony so alleged to be false was material to the issue then before the court." In another part of its charge the court declared to the jury, "whether the testimony alleged to be false was or was not material is a question of law which is for the court to deter-

mine and not the jury. The question of the materiality of evidence, no matter when or how it may arise, is always one of law for the court and not of fact for the jury." This latter instruction was unquestionably sound in point of law. (*People* v. *Lem You,* 97 Cal. 224, [32 Pac. 11] ; *State* v. *Lewis,* 10 Kan. 127 ; *State* v. *Caywood,* 96 Iowa, 367, [65 N. W. 385] ; *United States* v. *Singleton,* 54 Fed. 488 ; *Gordon* v. *State,* 48 N. J. L. 611, [7 Atl. 476].) Appellant argues that by reason of the conflict in instructions, whereby in one the jury is told it must determine the materiality of the evidence; while in the other it is told that such materiality is always a question of law for the court to decide, should work a reversal of the case. But this conflict could not have been injurious to the defendant and must have made for his benefit; for, if the jury were led to the erroneous belief that they could decide upon the materiality of the evidence and had decided that it was not material, the defendant would have obtained an acquittal to which he was not entitled. The fact that under such an erroneous instruction the jury has decided the question of the materiality correctly, as here it did, furnishes no ground for reversal. (*Thompson* v. *People,* 26 Colo. 496, [59 Pac. 51] ; *State* v. *Lewis,* 10 Kan. 127 ; 22 Am. & Eng. Ency. of Law, p. 688.)

The evidence was sufficient to support the judgment. The materiality of the perjurious evidence is established by *McCue* v. *Bradbury,* 149 Cal. 108, [84 Pac. 993]. It was shown that the defendant made this request of Mr. Cheda, the then president, and Mr. Hanson, the then teller of the Marin County bank. This evidence was clearly sufficient to support the charge that the defendant told the bank. The judgment-roll in *McCue* v. *Bradbury* was properly admitted in evidence, not, as appellant seems to think, for the purpose of establishing the truth or falsity of the testimony, but as tending to show the pendency of the proceeding, the jurisdiction of the court, the giving of the testimony, and its materiality. (22 Am. & Eng. Ency. of Law, p 692; *People* v. *Lee Fat,* 54 Cal. 527; *State* v. *Blaisdell,* 59 N. H. 328; *People* v. *Macard,* 109 Mich. 623, [67 N. W. 968] ; *Smith* v. *State,* 103 Ala. 57, [15 South. 866].)

No other points presented by appellant merit particular mention.

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., Shaw, J., Melvin, J., and Sloss, J., concurred.

Rehearing denied.